# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| Federal Trade Commission, and State of Florida, Office of the Attorney General | )<br>)<br>) Case No. 6:12-cv-986-Orl-31KRS<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Stipulated Preliminary<br>) Injunction |
| Information Management Forum, Inc., d/b/a Vacation Property Marketing and Vacation Property Marketing, Inc., and Edward Lee Windsor, individually, and as an officer of Information Management Forum, Inc. | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter comes before the Court on stipulation of Plaintiffs, Federal Trade Commission ("FTC"), and the State of Florida, Office of the Attorney General ("the State of Florida")(collectively "Plaintiffs"), and Defendant Edward Lee Windsor, for himself and on behalf of the corporate Defendant, Information Management Forum, Inc.

Plaintiffs commenced this action by filing their Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2010), and moved for an *ex parte* temporary restraining order and other relief

pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1]  The Court then granted

Plaintiffs' requested relief with the entry of an *ex parte* Temporary Restraining Order with

asset freeze, the appointment of a receiver, and other equitable relief, and ordered the

Defendants, Edward Lee Windsor and Information Management Forum, Inc., to appear and

show cause why the Court should not enter a preliminary injunction against them pending a

final ruling on the Complaint ("TRO").[2]  Thereafter, Edward Lee Windsor, for himself and

on behalf of his company, Information Management Forum, Inc., agreed to the entry of a

preliminary injunction against the Defendants in the form prescribed below.[3]

THEREFORE, on joint motion of the parties and concurrence by the receiver,[4] and

after having considered the submissions of the parties and being otherwise fully advised in

the premises, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.     This Court has jurisdiction over the subject matter of this case and there is

good cause to believe that it has jurisdiction over the parties.

2.     Venue lies properly with this Court.

3.     There is good cause to believe that Edward Lee Windsor, and his company

Information Management Forum, Inc. (collectively "Defendants"), have engaged in and are

likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act,

---

[1]  Dkt # 1 (Complaint); 3 (Motion); 4 (Memorandum in Support of Motion).

[2]  Dkt # 8 (Order).

[3]  Defendant Windsor, as sole owner and officer of the corporate Defendant, agrees to the entry of a preliminary injunction against the corporate Defendant.  Defendant Windsor informs the Court that the corporate Defendant will not retain corporate counsel, will not present a defense, and will permit a default to be entered against it.

[4]  The Receiver agrees that the entry of the preliminary injunction is in the best interest of the receivership estate.

15 U.S.C. § 45(a), the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310, and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2010), and that the Plaintiffs are therefore likely to prevail on the merits of this action.

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or corporate records unless Defendants are immediately restrained and enjoined by order of this Court.  Thus, there is good cause for the continuation of the asset freeze and the appointment of a receiver over the corporate Defendant, Information Management Forum, Inc.

5.      Weighing the equities and considering Plaintiffs' likelihood of ultimate success, an *ex parte* temporary restraining order with asset freeze, appointment of a receiver, other equitable relief, and an order to show cause why a preliminary injunction should not issue is in the public interest.

6.      No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For purposes of this Preliminary Injunction Order ("Order"), the following definitions shall apply:

1.      **"Asset"** or **"assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments,"

"equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      **"Assisting others"** includes but is not limited to, providing any of the following services to any person or entity: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script, other marketing material, or marketing services of any kind; (3) providing names of, or assisting in the generation of, potential customers; (4) providing credit card merchant processing accounts, or otherwise providing access to a billing and collection system (such as a credit card, checking, savings, share or similar account, utility bill, telephone bill, mortgage loan account or debit card), or causing any charges to be made to such an account or utilizing such a system; or (5) acting as an officer or director of a business entity.

3.      "**Billing information**" means any data that enables any person to access a customer's or donor's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

4.      **"Individual Defendants"** means Edward Lee Windsor and by whatever other names he may be known.

5.      **"Corporate Defendant" or "Receivership Defendant"** means Information

4

Management Forum, Inc., also d/b/a Vacation Property Marketing and Vacation Property Marketing, Inc., and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by this entity.

6.    **"Defendants"** means the individual Defendant and the corporate Defendant, individually, collectively, or in any combination.

7.    **"Document"** or "**documents**" means any materials listed in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data or data compilations, stored in any medium, from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form through detection devices.  A draft or non-identical copy is a separate "document" within the meaning of this term.

8.    "**Financial institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

9.    **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

10.    **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12.    "**Plaintiffs**" mean the Federal Trade Commission ("Commission" or "FTC") and the State of Florida, Office of the Attorney General.

13.  **"Telemarketing"** means any plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, members, partners, corporations,  subsidiaries, affiliates, successors and assigns, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, in connection with the telemarketing, advertising, marketing, promoting, offering for sale, or sale of any product or service, including, but not limited to the marketing and sale of timeshare rental or resale services, are hereby restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that:

1.     Defendants have a renter or buyer for a consumer's timeshare property who will pay a specified price or that Defendants will quickly rent or sell a consumer's timeshare;

2.     Defendants will refund their fee to a consumer if the rental or sale does not take place as promised; or

3.     Defendants will refund their fee to a consumer if the consumer requests a return of the payment within a specified period of time;

6

B.  Violating, or assisting others in violating, any provision of the TSR, including, but not limited to:

1.  Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by making any false or misleading statement to induce any person to pay for goods or services; or

2.  Section 310.3(a)(2)(iv), by misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the nature or terms of the seller's refund, cancellation, exchange, or repurchase policies;

C.  Violating, or assisting others in violating, any provision of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2010).

## II.  ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, members, partners, corporations, subsidiaries, affiliates, successors and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.  Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, automobiles, accounts, contracts, consumer lists, coins, precious metals, artwork,

shares of stock, uncashed checks, or other Assets, or any interest therein, wherever located, including any Assets outside the territorial United States, that are:

1. owned, controlled or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2. in the actual or constructive possession of any Defendant, including, but not limited to any Assets held for or by any Defendant in any account at any bank or savings and loan institution, or any credit card processing agent or agent providing electronic fund transfer services or automated clearing house processing, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

3. held by an agent of any Defendant as a retainer for the agent's provision of services to any Defendant; or

4. owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership or other entity directly or indirectly owned, managed or controlled by any Defendant.

B.	Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of, or for the use or benefit of, any Defendant, or subject to access by any Defendant, or under the control of any Defendant;

C.	Incurring charges or cash advances on any credit card, debit card, or lines of credit issued in the name, individually or jointly, of any Defendant;

D.	Obtaining a personal or secured loan;

E.	Cashing any checks or depositing any payments from customers or clients of Defendants; or

F.	Incurring liens or other encumbrances on real property, personal property, or other Asset titled in the name, individually or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section II. A-F above, and subject to prior written agreement with the Plaintiffs, the individual Defendant may, upon compliance with Section IV (Financial Statements), *infra*, pay from his individual personal funds reasonable and necessary living expenses.

The Assets affected by this Section shall include both existing Assets and Assets acquired after the effective date of this Order.

## III.	DUTIES OF THIRD PARTY ASSET HOLDERS

**IT IS FURTHER ORDERED** that each financial institution, business entity, or person maintaining or having custody or control of any account or other Asset of any Defendant, or that at any time since January 1, 2010, has maintained or had custody of any

such Asset, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is provided with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement,  dissipation, conversion, sale, liquidation, or other disposal of any of the Assets, funds, Documents, or other property held by or under its control, on behalf of any Defendant, or for the benefit or use of any Defendant, in whole or in part, except as directed by further order of this Court, or by written agreement of Plaintiffs;

B.      Deny Defendants access to any safe deposit boxes, commercial mail boxes or storage facilities that are titled in the name, individually or jointly, of any Defendant, or otherwise subject to access by any Defendant;

C.      Provide to counsel for the Plaintiffs, within five (5) business days of notice of this Order, a sworn statement setting forth:

1.      The identification of each account or Asset titled in the name, individually or jointly, of any Defendant, or to which any Defendant is a signatory, or which is held on behalf of, or for the benefit or use of, any Defendant, or subject to any Defendant's control, including all trust accounts on behalf of any Defendant or subject to any Defendant's control;

2.      The balance of each such account, or a description and appraisal

of the value of each such Asset, as of the close of business on the day on which notice of this Order is received, and, if the account or Asset has been closed or removed, or more than $500 withdrawn or transferred from it within the last one hundred and twenty (120) days, the date of the closure or removal of funds, the total funds removed or transferred, and the name and account number of the person or entity to whom such account, funds, or other Asset was remitted; and

3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant. If the account, safe deposit box, storage facility, or other Asset has been closed or removed within the last one hundred and twenty (120) days, the date closed or removed and the balance on said date;

D.      Within five (5) days of a request by Plaintiffs, provide Plaintiffs with copies of any records or other Documents pertaining to each such account or Asset, including, but not limited to, originals or copies of account applications, corporate resolutions, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs;

E.      Plaintiffs may properly serve this Order on any financial or brokerage institution, business entity or person that holds, controls or maintains custody of any account or Asset of any Defendant or has held, controlled or maintained custody of any account or Asset of any Defendant at any time since January 1, 2010, by facsimile transmission, hand

11

delivery, or overnight carrier.  The Assets affected by this Section shall include both existing

Assets and Assets acquired after the effective date of this Order.

## IV.  FINANCIAL STATEMENTS AND INFORMATION

**IT IS FURTHER ORDERED** that, if they have not already done so, each Defendant

shall serve upon counsel for Plaintiffs, within five (5) days of service of this Order:

A.      A completed financial statement, accurate as of the date of entry of this Order,

for the individual Defendant in the form provided as Attachment A, "Financial Statement of

Individual Defendant," and for the corporate Defendant, in the form provided as Attachment

B, "Financial Statement of Corporate Defendant."  **The financial statements shall include**

**all Assets held outside the territory of the United States, shall be accurate as of the date**

**of entry of this Order, and shall be verified under oath.**  Defendants shall attach to these

completed financial statements copies of all local, state, provincial, and federal income and

property tax returns, along with other attachments and schedules as called for by the

instructions to the financial statements; and

B.      The name, address and telephone number of each accountant, financial

planner, investment advisor, stock broker or other individual, corporation, or partnership

whom they have used for financial, business or tax advice or services, since January 1, 2010.

## V.  MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors,

servants, employees, salespersons, independent contractors, attorneys, members, partners,

corporations, subsidiaries, affiliates, successors and assigns, and all other persons or entities

in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby restrained and enjoined from:

A.       Failing to create and maintain books, records, accounts, bank statements, accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' Assets;

B.       Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents, including electronically stored information, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.       Creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VI. APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Mark J. Bernet shall continue his appointment as a temporary receiver ("Receiver") for Defendant Information Management Forum, Inc., and any of its affiliates, subsidiaries, divisions, or sales operations, wherever located ("Receivership Defendant"), with the full power of an equity receiver. The Receiver is directed and authorized to accomplish the following:

A. Assume full control of the Receivership Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the Receivership Defendant, including the individual Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendant. The Receiver shall, however, not interfere with or be privy to the defense of this action;

B. Take custody, control, and possession of all Assets and Documents of, or in the possession, custody or under the control of, the Receivership Defendant wherever situated and including, but not limited to, the business premises of the Receivership Defendant. The Receiver shall have full power to divert mail and to sue for, collect, receive, take possession, hold and manage all Assets and Documents of the Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendant. *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter, without prior Court approval;

C. Use any means necessary to take possession of and to secure each and

every business premises of the Receivership Defendant.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, Social Security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems, servers, network access, or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Defendant.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security;

D.     Conserve, hold, and manage all Assets of the Receivership Defendant and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendant, including, but not limited to, obtaining an accounting of the assets and preventing unauthorized transfer, withdrawal, or misapplication of Assets, and including the authority to

liquidate or close out any open securities or commodities futures positions of the Receivership Defendant;

E. Enter into contracts and purchase insurance as advisable or necessary;

F. Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendant;

G. Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary;

H. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

I. Determine and implement the manner in which the Receivership Defendant will comply with, and prevent violations of, this Order and all other applicable laws;

J. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendant or

that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

K.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendant, as the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendant, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

L.     Continue to conduct the business of the Receivership Defendant in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully, if at all; provided that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a profit using the Assets of the receivership estate;

M.     Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

N.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendant.  The Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

O.     Maintain accurate records of all receipts and expenditures made as Receiver;

P.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency, including Plaintiffs; and

Q.     File reports with the Court on a timely basis.

## VII.  COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that

A.     Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, members, partners, corporations, subsidiaries, affiliates, successors and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, and all other persons or entities served with a copy of this Order, shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include, but not be limited to:

1.     Providing any information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order;

2.     Providing any password required to access any computer, electronic file, or telephonic data in any medium; and

3.     Advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Receiver.

B.     Defendants and their officers, agents, directors, servants, employees,

salespersons, independent contractors, attorneys, members, partners, corporations, subsidiaries, affiliates, successors and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, and all other persons or entities served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

1. Transacting any of the business of the Receivership Defendant;

2. Destroying, secreting, defacing, mutilating, concealing, altering, transferring, or otherwise disposing of any Document of the Receivership Defendant, including but not limited to books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, website designs and texts, telemarketing scripts or outlines, brochures, manuals, banking records, customer lists, customer files, customer payment histories, invoices, telephone records, ledgers, payroll records, or other Documents of any kind, including electronically stored information;

3. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Asset owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant, or the Receiver;

4. Excusing debts owed to the Receivership Defendant;

5. Failing to notify the Receiver of any Asset, including accounts, of the

Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Assets;

6. Doing any act or refraining from any act whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the Assets or Documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendant; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court; or

7. Filing, or causing to be filed, any petition on behalf of the Receivership Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.,* without prior permission from this Court.

## VIII. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is entitled to reasonable compensation for the performance of all duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred, solely from the Assets now held by, or in the possession or control of, or which may be received by the Receivership Defendant. The Receiver shall file with the Court, and serve on the parties, periodic requests for the payment of such compensation, with the first such request due prior to sixty (60) days after the date of

this Order.  The Receiver shall not increase the Receiver's fee billed to the receivership estate without prior approval of the Court.

## IX.  BOND

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 65(c), the Receiver is not required to post a bond with the Clerk of this Court.

## X.  IMMEDIATE ACCESS TO BUSINESS OFFICES AND RECORDS

**IT IS FURTHER ORDERED** that the Receiver, Plaintiffs, and their representatives, agents, and assistants shall continue to have immediate access to all business locations where the Receivership Defendant's business-related property, records, or equipment are located. The Receiver and his representatives, agents, and assistants, shall also have the right to remove Documents from any other business locations connected with the Receivership Defendant's business in order that they may be inspected, inventoried, and copied.

## XI.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, or within such time as may be permitted by the Receiver, Defendant, or any other person or entity served with a copy of this Order, shall transfer or deliver possession, custody and control of the following to the Receiver:

A.      All Assets of the Receivership Defendant (including, but not limited to, desktop and laptop computers and network servers), including Assets subject to repatriation pursuant to Section XV, *infra*;

B.      All Documents of the Receivership Defendant, including, but not

limited to, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), customer lists, title documents, contracts, accounting data, written or electronic correspondence, advertisements, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, membership records and lists, refund records, receipts, ledgers, personal and business canceled checks and check registers, appointment books, copies of federal, state, or local business, personal income, or property tax returns, and other Documents or records of any kind that relate to the Receivership Defendant's business practices;

C.      All funds and other Assets belonging to members of the public now held by the Receivership Defendant; and

D.      All keys, codes, and passwords, entry codes, combinations to locks, and information or devices required to open or gain access to any Asset or Document, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

## XII.  NON-COMPLIANCE WITH TRANSFERS OR DELIVERY

**IT IS FURTHER ORDERED** that, in the event any person or entity fails to transfer or deliver any Asset or otherwise fails to comply with any provision of this Order requiring the delivery of Assets, Documents or other things, the Receiver may file *ex parte* an affidavit of non-compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, writs of possession or sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United

States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other thing and to deliver it to the Receiver.

## XIII.   REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that, if they have not already done so, within five (5) business days following service of this Order Defendants shall:

A.      Repatriate to the United States all funds, Documents or Assets in foreign countries held either: (1) by any Defendant; (2) for the benefit of any Defendant; or (3) under the direct or indirect control, jointly or individually, of any Defendant;

B.      The same business day as any repatriation, (1) notify counsel for the Plaintiffs and the Receiver of the name and location of the financial institution or other entity that is the recipient of such funds, Documents or Assets; and (2) serve this Order on any such financial institution or other entity;

C.      Provide the Plaintiffs and the Receiver with a full accounting of all funds, Documents, and Assets outside of the territory of the United States held either: (1) by the Defendants; (2) for the Defendants' benefit; or (3) under the Defendants' direct or indirect control, individually or jointly;

D.      Provide Plaintiffs with access to all records of accounts or assets of Defendants held by financial institutions whether located outside the territorial United States or otherwise by signing the Consent to Release of Financial Records attached to this Order as Attachment C.

## XIV.   INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Section of this Order, including, but not limited to:

A.        Sending any statement, letter, fax, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time as all Assets have been fully repatriated pursuant to the preceding Section of this Order; and

B.        Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as all Assets have been fully repatriated pursuant to the preceding Section of this Order.

## XV.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, agent, partner, division, sales entity, successor, assignee, officer, director, employee, independent contractor, spouse, Internet web host or master, agent, attorney, and/or representative of Defendants and shall, within ten (10) days from the date of entry of this Order, serve upon counsel for the Plaintiffs a sworn statement that the Defendants have complied with this provision of this Order, which statement shall include the names and addresses of each such person or entity who has received a copy of the Order.

## XVI.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally by agent or employees of Plaintiffs, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, Asset or Document of any Defendant, or that may be subject to any provision of this Order.  Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XVII.  CORRESPONDENCE WITH AND NOTICE TO PLAINTIFFS

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Federal Trade Commission shall be addressed to:

> Valerie M. Verduce, Esq.
> Federal Trade Commission
> 225 Peachtree Street, Suite 1500
> Atlanta, Georgia 30303
> (404) 656-1355 (telephone)
> (404) 656-1379 (facsimile)

Notice may be provided by email to vverduce@ftc.gov.  All correspondence and pleadings to the State of Florida, Office of the Attorney General, shall be addressed to:

> Elizabeth J. Starr, Esq.
> Senior Assistant Attorney General
> Office of the Attorney General
> Economic Crimes Division
> 135 West Central Blvd., Suite 1000
> Orlando, Florida  32801
> Tel: (407) 245-0833
> Fax:: (407) 245-0365

Notice may be provided by email Elizabeth.Starr@myfloridalegal.com.

## XVIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over

this matter for all purposes.

**IT IS SO ORDERED,** this 9th day of July, 2012, at 4:00 p.m.

_____
GREGORY A. PRESNELL
**UNITED STATES DISTRICT JUDGE**

**STIPULATED BY THE PARTIES**

**PLAINTIFFS**

WILLARD K. TOM
General Counsel

Dated: July 9, 2012

s/ Valerie M Verduce_____
VALERIE M. VERDUCE, Trial Counsel
Special Bar No. A5500477
vverduce@ftc.gov

s/ S. Spencer Elg_____
S. SPENCER ELG, Trial Counsel
Georgia Bar No. 940592
selg@ftc.gov
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
Telephone:(404) 656-1355 (Verduce)
Telephone:    (404) 656-1354 (Elg)
Facsimile:      (404) 656-1379

Attorneys for Plaintiff,
FEDERAL TRADE COMMISSION

PAMELA JO BONDI
Attorney General
State Of Florida

Dated: July 9, 2012                    s/ Elizabeth J. Starr
                                       ELIZABETH J. STARR, Trial Counsel
                                       Senior Assistant Attorney General
                                       Florida Bar: 0187577
                                       Elizabeth.Starr@myfloridalegal.com
                                       Office of the Attorney General
                                       Economic Crimes Division
                                       135 West Central Blvd., Suite 1000
                                       Orlando, Florida 32801
                                       Telephone:    (407) 245-0833
                                       Facsimile:    (407) 245-0365

                                       Attorney for Plaintiff,
                                       STATE OF FLORIDA
                                       OFFICE OF THE ATTORNEY GENERAL


**RECEIVER**

Dated: July 9, 2012                    s/ Mark J. Bernet
                                       Mark J. Bernet, Receiver
                                       Florida Bar: 606359
                                       Mbernet@kasslaw.com
                                       Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A.
                                       1505 North Florida Ave.
                                       PO Box 800
                                       Tampa, FL 33601
                                       Telephone:    (813) 229-0900
                                       Facsimile:    (813) 769-7592


*** Signatures Continued on Next Page ***

**DEFENDANT**

Dated: July _8_, 2012

EDWARD LEE WINDSOR,
in his individual capacity and as sole owner and officer
of Information Management Forum, Inc. d/b/a Vacation
Property Marketing and Vacation Property Marketing,
Inc.

Signed and Notarized this ___8___ day of July, 2012

My Commission Expires: 11/23/2012

RAFAEL DIAZ
Comm# DD0840487
Expires 11/23/2012
Florida Notary Assn., Inc

28