UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, <br><br> Plaintiffs, <br><br> v. <br><br> INFORMATION MANAGEMENT FORUM, INC., a Florida corporation, also d/b/a Vacation Property Marketing and Vacation Property Marketing, Inc.; and EDWARD LEE WINDSOR, individually, and as an officer of Information Management Forum, Inc., <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   **Civ No. 6:12-cv-986-Orl-31KRS** |

## JUDGMENT AND FINAL ORDER

The Federal Trade Commission ("FTC" or "Commission") and State of Florida, Office of the Attorney General ("State of Florida") commenced this action on June 28, 2012, by filing a complaint for a permanent injunction and other equitable relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The complaint alleges that Defendants Information Management Forum, Inc., also d/b/a Vacation Property Marketing and Vacation Property Marketing, Inc., and Edward Lee Windsor "violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes (2010), in connection with the marketing and sale of timeshare rental and resale services through interstate telephone calls to consumers throughout the United States.

1

Defendants were properly served with the complaint and summons (Doc. Nos. 10 and 11), but failed to plead or otherwise defend (Doc No. 34). On August 21, 2012, the Clerk entered default against Defendants. Doc. No. 35. Plaintiffs now ask the Court for a judgment and final order, pursuant to Federal Rule of Civil Procedure 55(b)(2), on all counts of the complaint against the Defendants. Having considered the legal authority cited and the evidence in the record, including Plaintiffs' instant application and memorandum of legal authority, the Court hereby **GRANTS** the Plaintiffs' motion for a judgment and final order against Defendants.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

## FINDINGS

1.    This is an action instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; the Telemarketing Act, 15 U.S.C. §§ 6101-6108; the TSR, 16 C.F.R. Part 310; and the FDUTPA, Chapter 501, Part II, Florida Statutes (2010). Pursuant to these statutes and regulations, Plaintiffs have the authority to seek the relief they have requested.

2.    The complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a); 53(b) and 57b; the Telemarketing Act, 15 U.S.C. §§ 6101-6108; the TSR, 16 C.F.R. Part 310; and the FDUTPA, Chapter 501, Part II, Florida Statutes (2010).

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

4.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

5.    The activities alleged in the complaint are or were "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

2

6.    Defendants were properly served with process, as required by Fed. R. Civ. P. 4, and failed to plead or otherwise defend within the time set forth in Fed. R. Civ. P. 12(a).

7.    An Entry of Default was properly entered by the Clerk against Defendants on August 21, 2012.

8.    The factual allegations of the complaint are taken as true because defaults have been entered against Defendants.

9.    Together with the substantial evidence presented by Plaintiffs in this case, the allegations taken as true establish that Defendants have engaged in a plan, program, or campaign to deceptively advertise, market, promote, offer for sale, or sell timeshare rental or resale services through interstate telephone calls to consumers throughout the United States in violation of Section 5 of the FTC Act, the TSR and the FDUTPA.

10.    Based on the evidence presented to the court, there is a substantial likelihood that Defendants will engage in the same or similar activities as alleged in the complaint unless they are permanently enjoined from such acts and practices.

11.    Thus, it is proper in this case to enter equitable monetary relief against Defendants for their violations of the FTC Act, the TSR and the FDUTPA.

12.    For the period from January 1, 2008, through April 30, 2012, Defendants' revenues from the conduct alleged in the complaint, minus funds returned to consumers through refunds and chargebacks, was $16,956,567.38. This amount was calculated by the Court-appointed Receiver (the "Receiver") for the corporate Defendants as part of his duties as set out in the Temporary Restraining Order entered by the Court on June 28, 2012. *See* Doc. No. 41 (Receiver's Second Interim Report, Concerning Deposits, Refunds and Chargebacks); Doc. 49 (Receiver's Declaration as to Second Interim Report, Concerning Deposits, Refunds and

Chargebacks). The Receiver based his calculations on information contained in the corporate Defendant's banking and merchant account records, and on corporate documents produced by the corporate Defendant's bookkeeper. *Id.*

13.     Defendants are therefore liable for injunctive relief and are jointly and severally liable for monetary relief in the amount of $16,956,567.38.

14.     This Final Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

15.     Entry of this Final Order is in the public interest.

## DEFINITIONS

1.     **"Asset" or "assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.     **"Individual Defendant"** means Edward Lee Windsor and by whatever other names he may be known.

3.     **"Corporate Defendant"** or **"Receivership Defendant"** means Information Management Forum, Inc., also d/b/a Vacation Property Marketing and Vacation Property Marketing, Inc., and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by this entity.

4.     **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

4

5.    **"Person"** means a natural person, business structure, organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, trust, subsidiary, division or any other group or combination acting as an entity.

6.    **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones, whether or not covered by the Telemarketing Sales Rule.

7.    **"Timeshare"** means any right of ownership or occupancy in any vacation property or properties (including, but not limited to, condominiums, resorts, campgrounds, and cruise ships) that provides rights-holders with periodic usage or occupancy rights. The term also includes "point-based" programs that provide similar ownership or occupancy benefits.

8.    **"Timeshare Resale Service"** means any good, service, plan or program represented, expressly or by implication, to assist an individual in advertising, marketing, promoting, offering for sale or rent, or selling or renting the individual's Timeshare.

## FINAL ORDER

### I.    Permanent Ban on Telemarketing

IT IS THEREFORE ORDERED that Defendants, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from engaging in, participating in, or assisting others in Telemarketing.

### II.    Permanent Ban on Timeshare Resale Service

IT IS FURTHER ORDERED that Defendants, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary,

division, or other device, or any of them, are hereby permanently restrained and enjoined from engaging in, participating in, or assisting others in Timeshare Resale Service.

## III.   **Prohibited Practices Relating to Any Goods or Services**

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, are hereby permanently restrained and enjoined from:

A.   Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact including, but not limited to:

1. the total cost to purchase, receive or use the good or service;

2. any material restriction, limitation, or condition to purchase, receive or use the good or service;

3. any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service;

4. the income, profits or sales likely to be achieved from the good or service; and

5. any material aspect of the performance, efficacy, nature or central characteristic of the good or service.

B.   Assisting others to make any material misrepresentation in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service including, but not limited to, the misrepresentation listed in Paragraph A immediately above.

6

C.    Violating, or assisting others in violating, any provision of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2010).

## IV.    Prohibition on Collecting On Accounts

IT IS FURTHER ORDERED that Defendants and their representatives, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Defendant's goods or services, where the purported authorization for the alleged sale occurred prior to the entry of this Final Order.

## V.    Order Provision Regarding Customer Information

IT IS FURTHER ORDERED that Defendants and their representatives, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from:

A.    Disclosing, using, or benefitting from customer information including, but not limited to, the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any Person which was obtained by any Defendant prior to entry of this Final Order in connection with advertising, marketing, promotion, offering for sale or sale of any timeshare rental or retail service, or any good or service advertised, marketed, promoted, offered for sale or sold; and

7

B.      Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Final Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VI.    Monetary Judgment and Consumer Redress

IT IS FURTHER ORDERED that:

A.      Judgment is hereby entered in favor of Plaintiffs Federal Trade Commission and State of Florida, Office of the Attorney General and against Defendants Information Management Forum, Inc., also d/b/a Vacation Property Marketing and Vacation Property Marketing, Inc., and Edward Lee Windsor, jointly and severally, in the amount of $16,956,567.38, as equitable monetary relief.  This monetary judgment shall become immediately due and payable by Defendants upon entry of this Final Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961(a), as amended, shall immediately begin to accrue on the unpaid balance;

B.      All funds paid to the Plaintiffs shall be made by wire transfer in accordance with directions provided by the Commission, or as otherwise agreed to by the Commission;

C.      All monies paid to the Commission and the State of Florida pursuant to this Final Order ("joint monies") shall be deposited into a fund administered by the Commission or its agents on behalf of both the Commission and the State of Florida.  This fund shall be used for

equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that the Commission determines that direct redress to consumers is wholly or partially impracticable or joint monies remain after the redress is completed, the Commission may, in its discretion, apply any portion of the joint monies for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the complaint, relinquish its authority over any portion of the joint monies not used for equitable relief to the State of Florida, or both. Defendants shall have no right to challenge the Commission's choice of remedies under this Section. Defendants shall have no right to contest the manner of distribution chosen by the Commission and the State of Florida.

D.    All joint funds not used for the equitable relief described in Paragraph C of this Section ("remaining joint funds") shall be distributed among the Commission and the State of Florida in the following manner:

1.    The State of Florida shall be reimbursed for the costs and fees it incurred in this matter including, but not limited to, its costs of investigation and litigation, after which

2.    All remaining joint funds shall be divided equally between the Commission and the State of Florida.

E.    No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty or punitive assessment.

F.    Plaintiffs are entitled to exercise any and all rights and remedies against Defendants and their assets to collect the judgment and interest thereon, less any amounts already paid.

9

## VII.    Turnover of Assets

IT IS FURTHER ORDERED that in order to partially satisfy the monetary judgments set

forth in Section VI above, any law firm, financial or brokerage institution, escrow agent, title

company, commodity trading company, automated clearing house, payment processor, person, or

entity served with a copy of this Final Order, that holds, controls or maintains custody of any

account or asset of, on behalf of, or for the benefit of any Defendant, shall turn over all such

funds or assets to the Receiver within ten (10) business days of receiving notice of this Final

Order by any means, including but not limited to via email or facsimile.

## VIII.   Lifting of Asset Freeze

IT IS FURTHER ORDERED that the freeze of Defendants' assets shall be lifted for the

sole purpose of transferring funds and assets pursuant to Sections VI  and VII above and shall be

dissolved only upon transfer of all such funds owed to Plaintiffs.  A third party shall be entitled

to rely upon a letter from either Plaintiff stating that the freeze on the assets of a Defendant has

been lifted.

## IX.    Receivership

IT IS FURTHER ORDERED that:

A.    Except as modified by this Section, the receivership imposed by this Court shall

continue as set forth in the Order of Preliminary Injunction entered on July 9, 2012.  Doc. No 17.

B.    The Receiver shall take all steps necessary to immediately wind down the affairs

and liquidate the assets of the Receivership Defendant, as well as the assets of the Individual

Defendant surrendered to the Receiver pursuant to Section VI of this Final Order, from wherever

and in whatever form they may be located.

C.    The Receiver shall continue to be entitled to compensation for the performance of his duties pursuant to this Final Order, from the assets of the Receivership Defendant, at the billing rate previously agreed to by the Receiver. Within thirty (30) days after entry of this Final Order, and every thirty (30) days thereafter until completed, the Receiver shall file with the Court an accounting and request for the payment of such reasonable compensation.

D.    Upon the liquidation of any asset held by or surrendered to the Receiver, the Receiver shall, at the FTC's request, immediately transfer all funds to the FTC or its designated representative in partial satisfaction of the judgment pursuant to Section VI of this Final Order. The Receiver is authorized to withhold a reasonable sum, not to exceed ten (10)% of the then-current liquid assets for costs, fees and expenses.

E.    Upon approval of the Receiver's final report and request for payment, the receivership shall be terminated, and all funds remaining after payment of the Receiver's final approved payment shall be remitted immediately to the FTC or its designated representative.

F.    Within five (5) days of termination of the receivership, the Receiver shall return all records of the Receivership Defendant in his possession relating to their financial affairs to the Individual Defendant so that he may prepare and file all necessary corporate and individual tax returns. The Receiver is also directed to promptly turn over to Plaintiffs all records containing the customer information described in Section V of this Final Order.

## X.    Order Acknowledgments

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

11

B.     For twenty (20) years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in any acts or practices subject to this Order; and (3) any business entity resulting from any change in structure as set forth in Section XI "Compliance Reporting." Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI.    Compliance Reporting

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1. Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of Plaintiffs may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant

(which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.  Additionally, the Individual Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For twenty (20) years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

> 2. Additionally, each Individual Defendant must report any change in: (a) name,
> including aliases or fictitious name, or residence address; or (b) title or role in
> any business activity, including any business for which such Defendant
> performs services whether as an employee or otherwise and any entity in
> which such Defendant has any ownership interest, and identify its name,
> physical address, and Internet address, if any.

C. Each Defendant must submit to the Commission notice of the filing of any
bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such
Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under
penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by
concluding: "I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's
full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all
submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or
sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement,
Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,
Washington, DC 20580. The subject line must begin: FTC v. Information Management Forum,
Inc. and Edward Lee Windsor, Case No. 6:12-cv-00986-GAP-KRS.

## XII.   Record Keeping

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years
after entry of the Order, and retain each such record for 5 years. Specifically, Corporate

Defendant and each Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

    A.      Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

    B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    C.      Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.      A copy of each advertisement or other marketing material.

## XIII.  Compliance Monitoring

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

    A.      Within 14 days of receipt of a written request from a representative of either Plaintiffs, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, Plaintiffs are authorized to communicate directly with each Defendant. Defendant must permit representatives of Plaintiffs to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     Plaintiffs may use all other lawful means, including posing, through their representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIV.  Retention of Jurisdiction

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** in favour of Plaintiffs and against Defendants pursuant to all the terms and condition contained above.

**DONE** and **ORDERED** in Orlando, Florida on _____ J0 , 2013.

HONORABLE JOHN ANTOON II
United States District Judge