# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION and**
**STATE OF FLORIDA, OFFICE OF THE**
**ATTORNEY GENERAL,**

       **Plaintiffs,**

**v.**                                                           **Case No:   6:12-cv-986-Orl-28KRS**

**INFORMATION MANAGEMENT**
**FORUM, INC. and EDWARD LEE**
**WINDSOR,**

       **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S FINAL APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES (Doc. No. 64)** |
| **FILED:** | **September 17, 2014** |

Court-appointed Receiver Mark J. Bernet seeks authority to pay himself $17,503.75 in Receiver's fees and costs of $1,104.50 to be incurred through the end of the case. Receiver Bernet represents that he has expended 53.65 hours of work through September 16, 2014, for which he seeks compensation at a rate of $275.00 per hour. He estimates that an additional 10 hours of work will be required to finish the remaining tasks described in his final report. He also estimates that he will incur $1,104.50 in costs associated with destroying paper records and computers. Doc. No. 64 at 2.

Receiver Bernet represents that he recovered well in excess of $500,000.00 in this case, including $60,000.00 during the final fee period. *Id.* at 8. In his final report, he represented that he was holding $497,308.60 in receivership bank accounts. Doc. No. 65 at 4. Thus, there are sufficient funds in the receivership estate to pay the fees and costs requested.

The Court has previously determined that $275.00 per hour is a reasonable hourly rate for the work of Receiver Bernet. Doc. Nos. 54, 55. Receiver Bernet submitted an invoice detailing the work he performed in the final fee period and the hours expended on each task. Doc. No. 64-1. After review of the invoice, I recommend that the Court find that the hours worked are reasonable in the absence of objection.

Generally, a court does not authorize payment of fees for work not yet performed. In this instance, however, advance approval of fees for work necessary to wind up the Receivership estate is appropriate. Receiver Bernet estimates that he will work 10 hours to make arrangements for the destruction of documents and computers, discussed below, make final distribution of the funds in the Receivership bank account and take other steps to close-out the Receivership. Additionally, because Receiver Bernet has not sought fees for all of the work he has performed in this case, there is little risk that Receiver Bernet will not perform the work for which he seeks advance approval of fees. *See, e.g.*, Doc. No. 54 at 3. For these reasons, I recommend that the Court find that the estimated hours are reasonable and allow Receiver Bernet to pay himself fees for this work even though it has not yet been performed.

As for anticipated costs, in the final report the Receiver states that he has thousands of pages of paper documents that contain personally identifiable information of the customers and employees of the Receivership Defendant that are no longer needed for litigation and should be destroyed. The Receiver has obtained estimates from paper-shredding companies. He believes that the cost to

destroy the paper records will be approximately $904.50. He must also destroy and dispose of desktop computers that are old and have little value, but which contain personally identifiable information that must be protected. He estimates the cost of destroying these computers will be $200.00. Doc. No. 65 at 4-5. These costs are reasonable and necessary to protect personally identifiable information. Therefore, I recommend that the Court grant the Receiver's request to pay the final costs of the Receivership.

## RECOMMENDATION

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Receiver's Final Application for Payment of Fees and Reimbursement of Expenses. I further **RECOMMEND** that the Court authorize the Receiver to pay himself $17,503.75 as fees for his work through the end of the Receivership and to pay the actual costs incurred for destruction of documents and desktop computers.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 12, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy